IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AIRON WINSTON, # M-55556, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00597-MJR |
| | ) |
| WARDEN, | ) |
| ROBERT PRICE, | ) |
| and MR. CRAIG, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Airon Winston, an inmate who is currently incarcerated at Vandalia Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He seeks relief from a judgment of conviction that was entered against him for aggravated domestic battery in Illinois state court, *i.e.*, Champaign County Circuit Court Case No. 14-CF-772 (Doc. 1, p. 8). Plaintiff claims that he was unable to prepare a defense in his criminal case because, while awaiting trial, he was sexually harassed by a correctional officer at Illinois Youth Center in Harrisburg, Illinois (*id*. at 5-7). Fearful for his safety, Plaintiff could not focus on trial preparation and ultimately changed his plea to guilty (*id*.). He now seeks a new trial (*id*. at 1-2).

This matter is before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from

such relief. 28 U.S.C. § 1915A(b). The complaint does not survive preliminary review under this standard and shall be dismissed.

### The Complaint

As a juvenile, Plaintiff was convicted of robbery. He served his sentence at Illinois Youth Center in Harrisburg, Illinois ("IYC-Harrisburg") (Doc. 1, pp. 5-7). While on parole, he was arrested and charged with domestic battery. Plaintiff's parole was revoked, and he returned to IYC-Harrisburg to await trial on the new charge.

Plaintiff fully intended to challenge the domestic battery charge. However, an incident at IYC-Harrisburg caused him to change his mind. He ultimately entered a guilty plea.

Prior to his criminal trial, a male correctional officer sexually harassed Plaintiff. The complaint offers no information about the incident, such as the date it occurred, the name of the perpetrating officer, or a basic description of the harassment. However, Plaintiff makes it clear that the sexual harassment left him feeling fearful and despondent. From an emotional standpoint, Plaintiff simply could not prepare a defense in his criminal case.

He reported the harassment to officials at IYC-Harrisburg. The same day, the superintendent assured Plaintiff that his complaint would be "handled" (*id*. at 5). Officer Craig was assigned to investigate the matter. Rather than taking disciplinary action against the perpetrating officer, placing Plaintiff in protective custody, or transferring Plaintiff to another facility, however, Officer Craig took no action to protect Plaintiff following the investigation. Not long thereafter, the perpetrating officer approached Plaintiff in the chow hall and demanded to know why Plaintiff told on him. Plaintiff, who was already suicidal prior to this incident, feared for his life and could not focus on preparing for trial. He now challenges the judgment of conviction entered against him and seeks a new trial (*id*.).

**Discussion**

At the outset, this Court must independently evaluate the substance of Plaintiff's claim to determine whether the correct statute -- in this case 42 U.S.C. § 1983 -- is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petition for writ of habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently substance of the claim being brought, to see if correct statute is being invoked). When a prisoner challenges the fact or duration of his confinement and seeks immediate or speedier release, habeas corpus is the exclusive federal remedy. *Preiser*, 411 U.S. at 500. Section 1983 jurisdiction is displaced if the habeas corpus remedy applies. *Lumbert v. Finley*, 735 F.2d 239, 242 (7th Cir. 1984). Although Plaintiff has not requested release from prison, he has requested a new trial, and habeas corpus is the exclusive remedy for one who seeks to attack his state court conviction. *Hanson v. Circuit Court*, 591 F.2d 404, 410 (7th Cir. 1979). This Court lacks authority to grant Plaintiff the relief he seeks.

Notwithstanding his request for a new trial, this Court can consider a claim for damages pursuant to § 1983. *Preiser*, 411 U.S. at 499 n. 14 (the requirement that a plaintiff bring certain claims under habeas corpus "in no way precludes him from simultaneously litigating in federal court, under § 1983, his claim" that is not cognizable in habeas corpus). This includes claims for money damages brought against defendants for violating his rights under the Eighth or Fourteenth Amendments at IYC-Harrisburg. But Plaintiff asserts no such claims in the complaint, and he does not seek monetary relief.

Under the circumstances, the complaint shall be dismissed. However, the dismissal is without prejudice to Plaintiff pursuing a direct appeal or post-conviction relief in state court or federal habeas relief pursuant to 28 U.S.C. § 2254 once he exhausts all available state court

remedies. The dismissal is also without prejudice to Plaintiff filing an amended complaint in *this* action, if he wishes to seek monetary relief against defendants for violating his constitutional rights at IYC-Harrisburg. Directions for filing an amended civil rights complaint in this action are set forth in the below disposition.

## **Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Even so, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant requests the assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). Plaintiff alleges that he made several attempts to retain counsel, but "no one has accepted [his] case" (Doc. 3, p. 1). Because Plaintiff did not submit written responses to his requests for counsel from those attorneys he contacted, the Court is unable to determine why no one accepted his case. It is unclear whether he only recently made the requests or whether his requests were already considered and rejected.

Even if his attempts to secure counsel were reasonable, the Court must examine "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence

gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

It is not clear in this case whether Plaintiff intends to pursue monetary relief under 42 U.S.C. § 1983 or instead pursue a direct appeal and post-conviction relief in state court before seeking federal habeas relief under 28 U.S.C. § 2254. For this reason, the Court cannot determine, at this early stage, whether the case is complex. Regardless, Plaintiff appears capable of preparing a coherent pleading. He clearly and concisely communicated his claim in the original complaint. He cites no cognitive, physical, or mental impairments that prevent him from representing himself. The Court therefore finds that Plaintiff is competent to litigate this matter *pro se*.

For these reasons, the motion for appointment of counsel (Doc. 3) is **DENIED**. However, the denial is without prejudice, and Plaintiff may renew his request at any time after filing an amended complaint.

## Disposition

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. This dismissal does not preclude Plaintiff from pursuing relief in Illinois state court, by filing a direct appeal or post-conviction petition, or in federal court, by filing a federal habeas petition under 28 U.S.C. § 2254 after Plaintiff exhausts his state court remedies.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint in *this* case, if he wishes to pursue a claim for monetary relief against the defendants for violations of his constitutional rights in connection with the sexual harassment that occurred

at Illinois Youth Center-Harrisburg. The First Amended Complaint is due **on or before August 18, 2016**. Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal will become with prejudice and a "strike" will be assessed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" may be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number on the first page (Case No. 16-597-MJR). Plaintiff must present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count for a violation of Plaintiff's federal constitutional rights, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form along with a copy of the complaint (Doc. 1).

Plaintiff is **ADVISED** that *this* dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint.

Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 14, 2016**

<u>s/ MICHAEL J. REAGAN</u>
**Chief Judge**
**United States District Court**