IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AIRON WINSTON, # M-55556, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 16-cv-00597-MJR |
| | ) |
| WARDEN ROBERT PRICE | ) |
| and C/O CRAIG, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is now before the Court for consideration of the First Amended Complaint (Doc. 12) filed by Plaintiff Airon Winston. Plaintiff is currently incarcerated at Vandalia Correctional Center ("Vandalia"). He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his rights at the Illinois Youth Center located in Harrisburg, Illinois ("IYC-Harrisburg"). While awaiting trial on domestic battery charges at IYC-Harrisburg, Plaintiff claims that he was sexually harassed by an unnamed officer (Doc. 12, p. 5). He does not name this individual as a defendant. Instead, Plaintiff names Warden Price and C/O Craig for failing to protect him from the unnamed officer. Plaintiff alleges that the superintendent[1] ordered C/O Craig to investigate the matter. However, Plaintiff was not satisfied with the results of the investigation; no disciplinary action was taken against the unnamed officer, and no action was taken to separate Plaintiff from him. This caused Plaintiff so much distress that he pleaded guilty to the domestic battery charge. He now seeks immediate release from custody and monetary relief against Warden Price and C/O Craig (*id*.).

---

[1] It is unclear whether the superintendent and Warden Price are the same individual. The First Amended Complaint offers no clarification.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the First Amended Complaint (Doc. 12) pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints, including amendments thereto, to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv*.,

577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint does not survive review under § 1915A and shall be dismissed.

### First Amended Complaint

Plaintiff did not prepare a statement of claim for his First Amended Complaint. He included a one-page excerpt from the Court's Dismissal Order that summarizes the factual allegations in his original Complaint (*see* Doc. 10, p. 2; Doc. 12, p. 5). Apparently pleased with the summary, Plaintiff now adopts it as his statement of claim in the First Amended Complaint. The excerpt states:

> As a juvenile, Plaintiff was convicted of robbery. He served his sentence at Illinois Youth Center in Harrisburg, Illinois ("IYC-Harrisburg"). While on parole, he was arrested and charged with domestic battery. Plaintiff's parole was revoked, and he returned to IYC-Harrisburg to await trial on the new charge.
>
> Plaintiff fully intended to challenge the domestic battery charge. However, an incident at IYC-Harrisburg caused him to change his mind. He ultimately entered a guilty plea.
>
> Prior to his criminal trial, a male correctional officer sexually harassed Plaintiff. The complaint offers no information about the incident, such as the date it occurred, the name of the perpetrating officer, or a basic description of the harassment. However, Plaintiff makes it clear that the sexual harassment left him feeling fearful and despondent. From an emotional standpoint, Plaintiff simply could not prepare a defense in his criminal case.
>
> He reported the harassment to officials at IYC-Harrisburg. The same day, the superintendent assured Plaintiff that his complaint would be "handled." Officer Craig was assigned to investigate the matter. Rather than taking disciplinary action against the perpetrating officer, placing Plaintiff in protective custody, or transferring Plaintiff to another facility, however, Officer Craig took no action to protect Plaintiff following the investigation. Not long thereafter, the perpetrating officer approached Plaintiff in the chow hall and demanded to know why Plaintiff told on him. Plaintiff, who was already suicidal prior to this incident, feared for his life and could not focus on preparing for trial. He now challenges the judgment of conviction entered against him and seeks a new trial.

(Doc. 12, p. 5). As compared to his original Complaint, Plaintiff names no new defendants, sets forth no new factual allegations, and asserts no new claims against Warden Price and C/O Craig

(*id*.).  The only substantive difference between the original and amended complaints is his request for relief.  Instead of requesting a new trial (Doc. 1, p. 8), Plaintiff now seeks immediate release from custody (Doc. 12, p. 7).  He also seeks monetary damages (*id*. at 7).

## Discussion

Given the fact that the original and amended complaints are substantively identical, the outcome of the Court's § 1915A screening is predictably the same.[2]  Like the original Complaint, the First Amended Complaint is subject to dismissal.  However, the dismissal will be with prejudice.

As the Court already explained in its Order Dismissing Case, this Court lacks authority under § 1983 to grant Plaintiff a new trial or release him from custody (*see* Doc. 10, p. 3).  If Plaintiff wishes to attack his state court conviction in federal court, habeas corpus is his exclusive remedy (*id*.) (citing *Hanson v. Circuit Court*, 591 F.2d 404, 410 (7th Cir. 1979)).  Before filing a federal habeas action, however, Plaintiff must first exhaust all available state court remedies.  *See* 28 U.S.C. § 2254(b)(1).

The Court has authority to grant Plaintiff's request for monetary relief under § 1983.  However, the First Amended Complaint articulates no claim upon which relief may be granted.  Plaintiff offers insufficient allegations to support a viable federal claim against either defendant.  All of his claims arise from sexual harassment by an unnamed officer, but Plaintiff offers no information about the incident, such as a basic description of the harassment or the date it occurred.  The allegations do not satisfy basic pleading standards under *Twombly*.

Plaintiff also fails to name the officer who sexually harassed him at IYC-Harrisburg as a defendant in this action, even in generic terms.  When parties are not listed in the caption, this

---

[2] In fact, the Court hereby adopts and fully incorporates the analysis set forth in the Order Dismissing Case (Doc. 10) herein.

Court will not treat them as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). In light of Rule 10(a) and *Myles*, the Court declines to add the unnamed officer as a defendant in this action or consider any claims against him.[3] These claims are instead considered dismissed without prejudice.

Although the case caption lists Warden Price as a defendant, the statement of claim does not mention him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See* FED. R. CIV. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (2007). Thus, where a plaintiff has not included a defendant in his statement of the claim, as in the case of Warden Price, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.

Further, Plaintiff cannot pursue a claim against Warden Price or C/O Craig, based on either defendant's supervisory role at the IYC-Harrisburg. The doctrine of *respondeat superior*,

---

[3] If Plaintiff wishes to bring a *separate action* against this individual, he is free to do so. It does not matter whether Plaintiff can identify this individual by name or not. Plaintiff may simply use a fictitious name (*e.g.*, "John Doe") when referring to the individual in the case caption and throughout the complaint. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 n. 3 (7th Cir. 1996) (collected cases); *see also K.F.P. v. Dane County,* 110 F.3d 516, 519 (7th Cir. 1997).

or supervisory liability, does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Section 1983 creates a federal remedy for violations of constitutional rights by state actors. *Babchuk v. Indiana University Health, Inc.*, 809 F.3d 966, 968 (7th Cir. 2016) (citing *West v. Atkins*, 487 U.S. 42, 49-50 (1988)). A government official "is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 676). Each defendant must be "personally responsible for the deprivation of a constitutional right." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The allegations do not suggest that either defendant was personally involved in a constitutional deprivation.

Plaintiff's claims arise from allegations of sexual harassment, which may violate the Eighth or Fourteenth Amendment and give rise to a claim that is actionable under § 1983, if committed by an individual who was acting under color of state law. *Locke*, 788 F.3d at 667 (citing *Valentine v. City of Chicago*, 452 F.3d 670, 682 (7th Cir. 2006); *Bohen v. City of East Chicago*, 799 F.2d 1180, 1185-86 (7th Cir. 1986)). A supervisor may be held liable for a subordinate's sexual harassment if the plaintiff can show "intentional sex discrimination or a conscious failure to protect the plaintiff from abusive conditions created by subordinates amounting to intentional discrimination." *Id*. at 667 (citing *Valentine*, 452 F.3d at 683-84; *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (a "supervisor c[an] be held liable for participating in or deliberately turning a blind eye to the equal protection violation of her subordinate").

Plaintiff's allegations do not suggest that the defendants acted with deliberate indifference toward Plaintiff, in violation of the Eighth Amendment, or intentional discrimination against him, in violation of the Fourteenth Amendment. The "superintendent" assured Plaintiff that his sexual harassment complaint would be "handled" (Doc. 12, p. 5).

Plaintiff alleges that the superintendent *did* handle his complaint by assigning C/O Craig the task of investigating his complaint. Even if the Court assumes that the superintendent and Warden Price are the same person, the allegations state no colorable claim against him because he took affirmative steps to address Plaintiff's complaint. *See, e.g.*, *Locke*, 788 F.3d at 667.

The First Amended Complaint also does not suggest that C/O Craig was personally involved in any violation of Plaintiff's constitutional rights. He investigated Plaintiff's complaint. No allegations suggest that the investigation was improperly conducted or delayed. Instead, Plaintiff disagrees with the outcome of the investigation, *i.e.*, the decision not to issue disciplinary charges against the officer or move Plaintiff. But a disagreement with the outcome of an investigation does not give rise to a federal constitutional claim—at least not one that Plaintiff has sufficiently developed in his First Amended Complaint.

For the reasons set forth above, the First Amended Complaint shall be dismissed. This includes dismissal of the claims against Warden Price and C/O Craig with prejudice. The Court did not address any claims against the unnamed officer who allegedly sexually harassed Plaintiff, and those claims are considered dismissed without prejudice.

## Pending Motions

Plaintiff filed a second Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 13), which is hereby **DENIED** as **MOOT**. Plaintiff's first IFP Motion (*see* Doc. 2) was already granted on June 29, 2016 (*see* Doc. 8).

Plaintiff also filed a second Motion to Appoint Counsel (Doc. 14), which is **DENIED**. Plaintiff still has not provided documentation of his efforts to recruit counsel on his own. He now claims that a lack of phone access prevented him from doing so (*id*.). This statement is in

direct conflict with the assertion in Plaintiff's initial Motion to Appoint Counsel (Doc. 3) that he made several attempts to retain counsel but "no one has accepted [his] case" (Doc. 3, p. 1).

Finally, Plaintiff filed a Motion for One Million Dollars (Doc. 15), which is **DENIED** as **MOOT**.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. This Order does not preclude Plaintiff from pursuing relief against the unnamed officer who allegedly sexually harassed him by filing a complaint in a *separate action* pursuant to 42 U.S.C. § 1983.  Plaintiff is also free to file a habeas action in state or federal court, if he wishes to challenge his state court conviction or his current custody.

**IT IS FURTHER ORDERED** that Defendants **WARDEN ROBERT PRICE** and **C/O CRAIG** are **DISMISSED** with prejudice from this action.  The Clerk is **DIRECTED** to **TERMINATE** them as defendants in CM/ECF.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e);

28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: 10/31/2016**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**